******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ROBERT A. GERSHUNY *v.* KIM ELAINE GERSHUNY
(SC 19647)

Rogers, C. J., and Palmer, Zarella, Eveleigh, McDonald, Espinosa and
Robinson, Js.

*Argued May 4—officially released July 26, 2016*

*Edward Kanowitz*, for the appellant (plaintiff).

*Victor J. Cavallo*, for the appellee (defendant).

*Opinion*

PER CURIAM. The dispositive issue in this appeal is whether the trial court properly concluded that it lacked subject matter jurisdiction over this action to dissolve the parties' marriage, entered into in the state of New York and recognized as valid by the New York legislature. The plaintiff, Robert A. Gershuny, appeals from the judgment of the trial court granting the motion to dismiss filed by the defendant, Kim Elaine Gershuny.[1] The plaintiff contends that the trial court improperly concluded that it lacked subject matter jurisdiction over the marriage. We agree and reverse the judgment of the trial court.

In her motion to dismiss the plaintiff's complaint and in her memorandum of law in support of her motion, the defendant alleged the following relevant facts. On June 23, 2001, in North Salem, New York, an individual named Jerry Heller, impersonating a rabbi, presided over the parties' marriage. It was later discovered that Heller was not a rabbi and was not authorized under New York law to perform marriages. Heller had for years fraudulently performed hundreds of marriages in New York and New Jersey. One year after the parties' marriage ceremony, the New York legislature enacted legislation, which provided in relevant part that "any marriage ceremony which was performed and ostensibly solemnized by Jerry H. Heller prior to the effective date of this act shall be deemed to have been solemnized by a person authorized pursuant to section 11 of the domestic relations law and *shall for all purposes be deemed valid and legal from the date such ceremony took place* . . . ." (Emphasis added.) 2002 N.Y. Sess. Laws 3572.

On December 23, 2014, the plaintiff commenced this action seeking dissolution of the parties' marriage, and the defendant thereafter filed her motion to dismiss. The trial court held a hearing on the defendant's motion to dismiss. In an oral decision, after hearing the arguments of the parties, the court held that it lacked subject matter jurisdiction to dissolve the marriage between the parties because, in the view of the court, under Connecticut law, no marriage existed. The court grounded its decision on General Statutes (Supp. 2016) § 46b-22[2] and General Statutes § 46b-28a. Section 46b-28a provides that "[a] marriage, or a relationship that provides substantially the same rights, benefits and responsibilities as a marriage, between two persons entered into in another state or jurisdiction and recognized as valid by such other state or jurisdiction shall be recognized as a valid marriage in this state, provided such marriage or relationship is not expressly prohibited by statute in this state." Section 46b-22 (a) sets forth the classes of persons authorized to perform marriages in this state. Because Heller would not have been authorized to officiate a marriage in this state pursuant

to § 46b-22, the court reasoned that the parties' marriage fell under the exception in § 46b-28a for marriages that are "expressly prohibited by statute in this state."

There is a fundamental flaw in the trial court's reasoning that is readily explained. Section 46b-28a provides that a marriage that is recognized as valid in another state will be recognized as valid in this state unless it is expressly prohibited by statute in this state. This statute is in accord with the requirement of the full faith and credit clause of the United States constitution that provides in relevant part: "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. . . ." U.S. Const., art. IV, § 1. The trial court improperly concluded that § 46b-22, which identifies the classes of persons who are authorized to solemnize marriages *in this state*, is relevant to determining whether a marriage performed in another state is "expressly prohibited by statute" pursuant to § 46b-28a. The plain language of § 46b-22, however, limits the scope of that statute to marriages that are performed in this state.

The trial court failed to give full faith and credit to the 2002 legislation through which the New York legislature validated ab initio all marriages performed by Heller, including the marriage of the parties. See 2002 N.Y. Sess. Laws 3572. The recognition of the parties' marriage as valid by the New York legislature renders it valid under the laws of Connecticut. Accordingly, the trial court improperly concluded that it lacked subject matter jurisdiction.

The judgment is reversed and the case is remanded for further proceedings.

[1] The plaintiff appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c), and Practice Book § 65-2.

[2] General Statutes (Supp. 2016) § 46b-22 provides: "(a) Persons authorized to solemnize marriages in this state include (1) all judges and retired judges, either elected or appointed, including federal judges and judges of other states who may legally join persons in marriage in their jurisdictions, (2) family support magistrates, family support referees, state referees and justices of the peace who are appointed in Connecticut, and (3) all ordained or licensed members of the clergy, belonging to this state or any other state. All marriages solemnized according to the forms and usages of any religious denomination in this state, including marriages witnessed by a duly constituted Spiritual Assembly of the Baha'is, are valid. All marriages attempted to be celebrated by any other person are void.

"(b) No public official legally authorized to issue marriage licenses may join persons in marriage under authority of a license issued by himself, or his assistant or deputy; nor may any such assistant or deputy join persons in marriage under authority of a license issued by such public official.

"(c) Any person violating any provision of this section shall be fined not more than fifty dollars."

We note that § 46b-22 has been amended by the legislature several times since the events underlying the present appeal. See, e.g., Public Acts 2007, No. 07-79, § 5; Public Acts 2015, No. 15-74, § 1. These amendments, however, are not relevant to the present appeal. Consequently, all references herein to § 46b-22 are to the version appearing in the 2016 supplement to the General Statutes.